UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRY MASON,

    Plaintiff,

v.                                                                    Case No.: 8:17-cv-182-T-AAS

NANCY A. BERRYHILL, acting
Commissioner of Social Security,[1]

    Defendant.
_____/

## ORDER

This cause comes before the Court following Plaintiff Barry Mason's **Amended Motion for Remand Under Sentence Six of 45 U.S.C. § 405(g)** (Doc. 21), and the Commissioner's **Response** (Doc. 23). For the reasons set out below, Plaintiff's Motion for Remand is **DENIED**.

**I.    BACKGROUND**

On April 13, 2015, Plaintiff filed an application for a period of disability and disability insurance benefits. (Tr. 250–53). Plaintiff also filed an application for supplemental security income. (Tr. 254–59). In his applications, Plaintiff claimed disability due to bipolar disorder and throat cancer. (Tr. 295–302). The Commissioner denied Plaintiff's claim initially and on reconsideration. (Tr. 150–56, 163–64). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which took place on December 22, 2015. (Tr. 177, 192).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for former Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The ALJ issued her ruling on January 27, 2016. (Tr. 18–32). In her ruling, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; papillary thyroid carcinoma, status post bilateral thyroidectomy with post-surgical hypothyroidism; bipolar disorder; lengthy history of alcohol abuse, allegedly currently in remission; and history of nicotine dependence. (Tr. 21). However, the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). (*Id.*). The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with limitations. (*See* Tr. 23). Ultimately, the ALJ found that jobs existed in significant numbers in the national economy which Plaintiff could perform given his age, education, work experience, and RFC. (Tr. 31). Therefore, the ALJ found Plaintiff not disabled. (Tr. 32).

Less than six months after the ALJ's ruling, Plaintiff reported to the emergency room at Florida Hospital following an unwitnessed syncopal episode. (Doc. 17-1, p.7). Plaintiff stated that he felt dizzy, his "legs gave out," he passed out at a friend's house three days prior, and that he has had multiple syncopal episodes in the past. (*Id.*). During his stay at the Florida Hospital emergency room, Plaintiff underwent a drug screen, chest x-ray, CT scan of his head, and a CT scan of his lumbar spine. (*Id.* at 9–12). The lumbar spine CT scan revealed a small broad-based lateral disc protrusion at L2-3 on the right, as well as mild generalized degenerative changes. (*Id.* at 12). Plaintiff was ultimately diagnosed with benzodiazepine abuse, chronic low back pain, lumbar herniated disc, marijuana abuse, and syncope. (*Id.* at 13).

Plaintiff then filed the current Motion for Remand arguing this case should be remanded back to the ALJ so she can consider the evidence from Plaintiff's emergency room visit. (Doc. 21). The Court will now address Plaintiff's Motion.

## II. LEGAL STANDARD

Sentence six of 42 U.S.C. § 405(g) states that the Court "may . . . for good cause shown . . . remand the case to the Commissioner of Social Security for further action . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."[2] Thus, to obtain a sentence six remand, the party making the motion must show: (1) there is new, noncumulative evidence; (2) the evidence is material; and (3) there is good cause for failing to previously submit the evidence at the administrative level. *Hunter v. Comm'r of Soc. Sec.*, 808 F.3d 818, 821 (11th Cir. 2015) (citation omitted). Evidence is new and noncumulative when no similar evidence was introduced at the administrative level. *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988). New evidence is material when it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (citation omitted). And good cause exists when the evidence did not exist at the time of the administrative hearing. *Cannon*, 858 F.2d at 1546.

## III. ANALYSIS

Here, Plaintiff argues that there is a reasonable possibility that his medical records from the Florida Hospital emergency room would have caused the ALJ to issue a decision finding Plaintiff disabled. (Doc. 21, p. 2). Specifically, Plaintiff claims that the hospital's findings regarding the disc protrusion in his lumbar spine and syncope are consistent with his testimony from the hearing before the ALJ where he complained that he could only stand for twenty minutes

---

[2] While sentence six of 42 U.S.C. § 405(g) states that a court may remand a case "on motion of the Commissioner of Social Security," the Eleventh Circuit has applied sentence six remand analyses to motions for remand made by claimants. *See, e.g.*, *Caulder v. Bowen*, 791 F.2d 872 (11th Cir. 1986).

a day and that he suffered from severe migraines. (*Id.* at 3). The Commissioner responds by stating that, first, the new records do not document anything new regarding Plaintiff's back pain, and, second, Plaintiff's syncope is a new diagnosis that Plaintiff has failed to show is related to an impairment he complained about in the administrative process. The Court will address each of Plaintiff's contentions in turn.

A. **Plaintiff's Back Pain**

Plaintiff's final diagnosis at Florida Hospital included secondary findings of unspecified thoracic, thoracolumbar, and lumbosacral intervertebral disc disorder, as well as low back pain. (Doc. 17-1, p. 64). In her ruling, the ALJ found degenerative disc disease of the lumbar spine to be one of Plaintiff's severe impairments. (Tr. 21). Additionally, in finding that the Plaintiff had the RFC to perform light work with limitations, the ALJ examined an x-ray showing Plaintiff had mild spondylosis in his thoracic spine, as well as an MRI showing degenerative disc disease in Plaintiff's lumbar spine. (Tr. 24). Since there was already similar evidence regarding Plaintiff's back pain introduced at the administrative level, the Florida Hospital records are not new and, thus, cumulative. Therefore, remand is unnecessary on this issue.

B. **Plaintiff's Syncope**

Plaintiff was principally diagnosed with syncope and collapse following his treatment at the Florida Hospital emergency room. (Doc. 17-1, p. 64). The Commissioner concedes that Plaintiff's syncope is a new diagnosis as his records do not include any notation or observation of syncope. (Doc. 23, p. 3). Therefore, the Florida Hospital records are new and noncumulative. Good cause also exists for Plaintiff not providing the records to the ALJ as the records concern an emergency visit made after the ALJ's decision. Thus, the only question remaining is whether the

4

Florida Hospital records are material; that is, whether the records are relevant and probative enough to make it reasonably possible that the records would have changed the ALJ's decision.

Plaintiff argues that this finding is material because it was generated shortly after the ALJ's decision and there is a reasonable probability that Plaintiff's level of functioning was the same at the time of his emergency room visit as it was before the ALJ issued her decision. (Doc. 21, p. 5). The Commissioner responds by pointing out that Plaintiff did not explain how the new evidence is relevant and probative as to make it reasonably possible that it would have changed the ALJ's decision. (Doc. 23, p. 3). Instead, as syncope appears to be a new diagnosis, the Commissioner submits that Plaintiff's proper remedy would be to file a new disability application based on this impairment. (*Id.*).

In *Caulder*, the Eleventh Circuit provided insight as to what makes new evidence material. 791 F.2d at 876. There, the Eleventh Circuit agreed with the Fifth Circuit in finding that "not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary . . . ." (*Id.* at 876–77) (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). Instead, the Eleventh Circuit indicated that evidence is material when "it pertains to a condition that [the claimant] listed in his applications at the administrative level as a source of his disability." *Id.* at 877. Moreover, the Eleventh Circuit pointed out that there is a reasonable possibility new evidence would change the ALJ's decision when the new evidence directly relates to one of the claimant's principal alleged impairments. *Id.* at 878.

Here, Plaintiff failed to show how the new evidence from Florida Hospital diagnosing Plaintiff with syncope directly relates to one of his alleged impairments. In the eighty-six pages of medical records provided by Plaintiff, nowhere does one of Florida Hospital's medical providers state what the cause of Plaintiff's syncope is. (*See* Doc. 17-1). Additionally, the Court has found

nothing in the medical records provided by Plaintiff during the administrative process showing that his alleged impairments could cause syncope. (*See* Tr. 370–574). Without such evidence, the Court cannot find that the new records pertain to a condition Plaintiff listed in his applications or testified to at the ALJ hearing. Therefore, the Court finds the new evidence of syncope does not require a remand as it is not material to Plaintiff's alleged impairments at the time of the ALJ's decision.

**IV.   CONCLUSION**

Accordingly, after due consideration and for the foregoing reasons, it is **ORDERED** that Plaintiff Barry Mason's Amended Motion for Remand Under Sentence Six of 45 U.S.C. § 405(g) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 30th day of November, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge